# United States Court of Appeals

### For the Eighth Circuit

_____

No. 10-3137

_____

B & B Hardware, Inc., a California Corporation

*Plaintiff - Appellant*

v.

Hargis Industries, Inc., a Texas Corporation, doing business as Sealtite Building Fasteners, doing business as East Texas Fasteners; East Texas Fasteners, a business entity of form unknown; John Does, 1 through 10, inclusive

*Defendants - Appellees*

_____

No. 11-1247

_____

B & B Hardware, Inc., a California Corporation

*Plaintiff - Appellant*

v.

Hargis Industries, Inc., a Texas Corporation, doing business as Sealtite Building Fasteners, doing business as East Texas Fasteners; East Texas Fasteners, a business entity of form unknown; John Does, 1 through 10, inclusive

*Defendants - Appellees*

_____

Appeals from United States District Court
for the Eastern District of Arkansas - Little Rock

————————

Submitted: June 3, 2015
Filed: August 25, 2015

————————

Before LOKEN, COLLOTON, and SHEPHERD, Circuit Judges.

————————

PER CURIAM.

This matter is on remand from the United States Supreme Court, see B & B Hardware, Inc. v. Hargis Indus., Inc., 135 S. Ct. 1293 (2015). The Court has directed us to apply this rule: "So long as the other ordinary elements of issue preclusion are met, when the usages adjudicated by the TTAB are materially the same as those before the district court, issue preclusion should apply." Id. at 1310.

We directed the parties to submit supplemental briefing. Having reviewed the briefing, we now determine that the ordinary elements of issue preclusion have been met and the usages of the marks adjudicated before the TTAB were materially the same as the usages before the district court. As noted in our prior opinions, the TTAB compared the marks in question in the marketplace context when it determined the likelihood of confusion issue for purposes of trademark registration. See B & B Hardware, Inc. v. Hargis Indus., Inc., 716 F.3d 1020, 1025 (8th Cir. 2013); id. at 1029 (Colloton, J., dissenting).

Accordingly, we vacate the district court's judgment and remand this matter for further proceedings, including what remedies may be awarded for infringement. See Masters v. UHS of Del., Inc., 631 F.3d 464, 471 n.2 (8th Cir. 2011); Minn. Pet Breeders, Inc. v. Schell & Kampeter, Inc., 41 F.3d 1242, 1246-47 (8th Cir. 1994). On

-2-

remand, the district court is directed to give preclusive effect to the decision of the TTAB on likelihood of confusion. The district court's award of attorney's fees is also reversed and remanded for further consideration.

_____